## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RESERVE REAL ESTATE GROUP, INC. d/b/a MEDTEK SOLUTION,** | : CIVIL ACTION NO. 1:25-CV-641 |
| | : |
| | : **(Judge Neary)** |
| **Plaintiff & Counterclaim Defendant** | : |
| | : |
| v. | : |
| | : |
| **PRECISION WOUND CARE LLC, and GARY RYAN, as managing member and individually,** | : |
| | : |
| **Defendants, Counterclaim Plaintiffs & Third-Party Plaintiffs** | : |
| | : |
| v. | : |
| | : |
| **GABE DIETRICH and SOPHIA MATSANGAKIS,** | : |
| | : |
| **Third Party Defendants** | : |

## **MEMORANDUM**

Plaintiff and counterclaim defendant Reserve Real Estate Group d/b/a MedTek Solution moved to quash third-party subpoenas issued by defendants, counterclaim plaintiffs, and third-party plaintiffs Precision Wound Care LLC and Gary Ryan (collectively, the "Precision Parties"), or in the alternative, for a protective order. (Doc. 18). The court denies MedTek's motion and directs the parties to enter into a confidentiality agreement.

I. **Factual Background & Procedural History**

The court will assume the parties' familiarity with the facts of this case and will not provide an in-depth recitation here. This is a Pennsylvania state-law dispute amongst erstwhile business partners that has been removed to this court pursuant to diversity jurisdiction. (See generally Doc. 2). MedTek assists medical equipment manufacturers locate healthcare providers willing to purchase the manufacturers' products and handle the back-end customer service issues after purchase. (Doc. 2-1 at ECF 12-13, ¶¶ 12, 13, 16).[1] Gabe Dietrich is the president of MedTek, and Sophia Matsangakis is the managing partner of MedTek. (Id. at ECF 12, ¶¶ 10-11). Precision hires numerous sales representatives to assist the company in selling wound care products to providers such as doctors and other health care professionals. (Doc. 14 at ECF 41, ¶¶ 36, 37). Ryan is the sole owner of Precision and Andelle Group LLC, a Wyoming company that also operates in the wound care industry. (Id. ¶ 35).

MedTek and Andelle entered into an independent contractor agreement on August 9, 2024, which was superseded by an agreement between MedTek and Precision on October 3, 2024 (the "Precision Agreement"). (Doc. 2-1 at ECF 46-67). Pursuant to the Precision Agreement, MedTek engaged Precision as MedTek's sales representative. (Doc. 2-1 at ECF 56, ¶ 1). The Precision Agreement included

---

[1] For purposes of this opinion, the court will adopt each party's self-description in their respective pleadings.

provisions regarding legal and regulatory compliance. (Doc. 2-1 at ECF 57-58, ¶¶ 5-6).

The instant litigation ensued after MedTek terminated the Precision Agreement after Precision's alleged breach of the legal and regulatory compliance provisions and Ryan's post-termination conduct.[2] MedTek filed a writ of summons in the Court of Common Pleas of Cumberland County on March 24, 2025. (Doc. 2-1 at ECF 1-5). On April 9, 2025, MedTek filed a complaint in the Court of Common Pleas of Cumberland County. (Doc. 2-1 at ECF 8-45). Precision removed this case to this court on April 10, 2025. (Doc. 2).  MedTek alleges nine state-law claims against the Precision Parties: (1) breach of contract, (2) breach of covenant of good faith and fair dealing, (3) unjust enrichment (in the alternative), (4) tortious interference with contract, (5) tortious interference with prospective contractual relations, (6) negligence (in the alternative), (7) defamation/libel, (8) misappropriation of trade secrets under Pennsylvania Uniform Trade Secrets Act, and (9) permanent injunctive relief. (Doc. 2-1 at ECF 25-41, ¶¶ 83-184).

The Precision Parties filed an answer, counterclaims, and a third-party complaint against MedTek, Dietrich, and Matsangakis on April 16, 2025. (Doc. 14). The Precision Parties raise seven claims: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) violations of the Pennsylvania

---

[2] For purposes of resolving MedTek's instant motion, the court will not expound on MedTek's allegations regarding Precision's alleged breach or Ryan's alleged conduct; the Precision Parties, of course, disagree with MedTek's allegations.

3

Commissioned Sales Representative Act; (4) fraud; (5) tortious interference with existing contractual relations; (6) defamation; and (7) unjust enrichment (in the alternative). (Id. at ECF 52-64, ¶¶ 98-168).

On April 22 and 23, 2025, the Precision Parties served third-party subpoenas on five manufacturers and three sales representatives. (Doc. 18-1 at ECF 14-72). On April 24, 2025, MedTek filed the instant motion to quash these subpoenas, or, in the alternative, for a protective order. (Doc. 18). The Precision Parties' brief in opposition, and MedTek's reply brief, has since been filed, and the matter is ripe for the court's disposition. (Docs. 35, 36).

## II. **Legal Standard**

Federal Rule of Civil Procedure 26 permits the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Federal Rule of Civil Procedure 45 "sets forth the procedures though which a party may seek discovery from a nonparty." Dommel Props., LLC v. Jonestown Bank & Tr. Co., No. 1:11-CV-02316, 2013 WL 12241978, at *3 (M.D. Pa. June 13, 2013). As relevant here, Rule 45 provides that the court must quash or modify a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A). A trial court's ruling on a motion to quash is afforded deference and is reviewed by our court of appeals for an abuse of discretion. R.J. Reynolds Tobacco v. Philip Morris Inc, 29 F. App'x 880, 881 (3d Cir. 2002) (non-precedential).

The party pursuing the subpoena "bears the initial burden to establish the relevance of the material sought, and then the burden shifts to the subpoenaed party to demonstrate that the subpoena seeks privileged or otherwise protected material under Rule 45." L.W. v. Lackawanna Cty., Pa., 3:14-CV-1610, 2015 WL 1499865, at *1 (M.D. Pa. Apr. 1, 2015) (citing In re Domestic Drywall Antitrust Litig., 300 F.R.D. 234 (E.D. Pa. 2014)). Typically, a motion to quash a subpoena must be brought by the individual or entity to whom it was directed. Dommel Props., 2013 WL 12241978, at *3. However, an exception exists "that provides a party standing when he seeks to quash or modify a non-party subpoena on the basis of a privilege or privacy interest in the subpoenaed information." Id.

### III.  Discussion[3]

The court will first hold the Precision Parties, as the subpoenaing party, to their burden of demonstrating the relevance of the materials they seek. L.W., 2015 WL 1499865, at *1. They have done so. (Doc. 35 at 5-9). The subpoenas seek, among other things, financial records, documents, and communications from manufacturers and sales representatives relating to the parties' relationship, which are relevant to both MedTek's and the Precision Parties' claims. (See Doc. 18-1 at ECF 14-72). For example, the subpoenas seek communications between the third parties and Matsangakis; these communications are relevant to the parties' defamation claims, among others. (Id.)

---

[3] The court assumes without deciding, for the purpose of this motion only, that MedTek has standing to challenge these third-party subpoenas.

5

MedTek, on the other hand, has not carried its burden. (Docs. 18, 36). It does not argue the information sought by the third-party subpoenas is privileged. But it does argue that the subpoenas require the disclosure of protected matter in the form of "confidential and proprietary business information." (Doc. 18-1 at ECF 10-12). At this time, the court need not engage in a general assessment of whether the array of information the Precision Parties seeks is, in fact, confidential and proprietary business information. That is because the subject documents can be protected from broad dissemination by entering into a stipulated confidentiality agreement. And so, MedTek's motion to quash these third-party subpoenas is denied. Further, because MedTek's proposed protective order (Doc. 32) is not stipulated by both parties, MedTek's motion for a protective order is denied as well.

### IV.  Conclusion

The court denies MedTek's motion (Doc. 18) to quash third-party subpoenas issued by the Precision Parties, or in the alternative, for a protective order. The court, however, directs the parties to enter into a stipulated confidentiality agreement. An appropriate order shall issue.

/S/ Keli M. Neary
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    May 8, 2025